**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: KAREL SPIKES, | No. 20-71494 |
| _____ | D.C. No. 3:19-cv-01594-W-MDD |
| KAREL SPIKES, | |
| Petitioner, | MEMORANDUM* |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO, | |
| Respondent, | |
| RENAE M. ARABO; ON BROADWAY AUTO CARE, INC., a California Corporation, | |
| Real Parties in Interest. | |

Petition for Writ of Mandamus

Argued and Submitted November 10, 2020
Pasadena, California

Before: PARKER,** CHRISTEN, and WATFORD, Circuit Judges

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Petitioner Karel Spikes seeks a writ of mandamus requiring the U.S. District Court for the Southern District of California to vacate its order disqualifying Petitioner's counsel (Geoffrey Bentley) from further representing Spikes. We have jurisdiction pursuant to 28 U.S.C. § 1651.

The magistrate judge concluded that Bentley misrepresented the reason he filed suit on his own behalf in state court. *See* Cal. Rules of Prof. Conduct 8.4(d); S.D. Cal. Civ. L.R. 83.4. The magistrate judge recommended Bentley's disqualification. The district court adopted the magistrate judge's recommendation.

Petitioner seeks mandamus relief contending that the district court ordered disqualification without providing Bentley sufficient due process—notice and an opportunity to be heard—and that the magistrate judge erred in concluding that Bentley had committed ethical violations.

28 U.S.C. § 1651 authorizes us to issue writs of mandamus to "confine [a lower court] to a lawful exercise of its prescribed jurisdiction." *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654 (9th Cir. 1977). Mandamus is a "drastic" remedy which is to be used sparingly and only under "extraordinary situations" and should not be used to undermine the carefully limited congressional scheme governing interlocutory appeals. *Id*.

Under *Bauman*, this court balances five factors to determine whether to issue

2

a writ of mandamus: (1) the party seeking relief has no other means of attaining the relief desired; (2) the party seeking relief would suffer irreparable harm without the writ; (3) the district court clearly erred in its order; (4) the district court made a frequently committed error; and (5) the district court order involves an issue of first impression. 557 F.2d 650 at 654-55. The third factor must be present for the writ to issue, but not all five factors need be met. *See Douglas v. U.S. Dist. Court*, 495 F.3d 1062, 1066 (9th Cir. 2007).

Balancing the *Bauman* factors, we conclude that the Petitioner has not established that he is entitled to the writ. The district court's order was not clearly erroneous and the district court committed no error of law or abuse of discretion when it concluded that Bentley misrepresented his purpose for filing the state court lawsuit. Bentley's state court complaint contained boilerplate language implying that he filed that action against defendants because he encountered access barriers while visiting defendant's business as a prospective customer. However, in response to the Order to Show Cause, Bentley amended his state court complaint and represented to the district court that he entered the defendant's business both as a customer and for the purpose of inspecting the premises for his client. Bentley's lack of candor with the courts as to his purposes for visiting the defendant's business was a sufficient basis for disqualification.

Petitioner's counsel received sufficient procedural due process. The

3

magistrate judge's Order to Show Cause informed Bentley that his practice of filing suits on behalf of Spikes and duplicative suits on his own behalf raised ethical concerns. Though the disqualification order was entered for reasons other than the ones advanced by defendants, the Order to Show Cause put Bentley on notice of potential sanctions against him, and he received an adequate opportunity to respond. He availed himself of this opportunity by submitting a response to the Order to Show Cause. He received a second opportunity to be heard when he submitted an objection and reply to the disqualification order, which was reviewed by the district judge. Bentley did not receive a full hearing on the sanction motion, but his opportunity to respond in writing was sufficient for due process purposes. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue … [t]he opportunity to brief the issue fully satisfies due process requirements."). Moreover, the district court's conclusion that Bentley had been involved in unethical conduct was adequately grounded in the record. Finally, we conclude that the sanction of disqualification fell well within the district court's broad authority to regulate the conduct of attorneys appearing before it. *See Kennedy v. Eldridge*, 35 Cal.Rptr.3d 545, 549 (Ct. App. 2011) ("A trial court's authority to disqualify an attorney derives from the power inherent in every court [t]o control in furtherance of justice, the conduct of its ministerial

4

officers, and of all other persons … connected with a judicial proceeding before it.") (internal quotations omitted). We have reviewed Bentley's remaining contentions and find them to be without merit.

For these reasons, we deny the petition and affirm the district court's order of disqualification.[1]

**PETITION DENIED.**

---

[1] The standard for obtaining a writ of mandamus dictates our outcome in this case. The district court acted within its discretion to disqualify counsel, but the district court's suggestion that petitioner engaged in a scheme to defraud by filing suit on his own behalf was not supported.